# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                               PLAINTIFF

v.                      CASE NO: 4:08CR00244 BSM

MARCUS WAYNE HARRIS                                  DEFENDANT

## ORDER

Marcus Harris's motion to reduce sentence [Doc. No. 46], based on the retroactive application of the United States Sentencing Guidelines crack cocaine penalty reduction effective November 1, 2011, is denied.

Harris's original guideline range was 87-108 months, but he was sentenced to the statutory minimum sentence of 60 months on May 5, 2010. *See* Doc. Nos. 35 and 38.

Not every defendant sentenced for a crack cocaine offense is eligible for a sentence reduction. Only defendants currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. There are, however, some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be less than the statutory minimum. In such cases, the defendant is not entitled to a sentence reduction based on the Guideline Amendments[1] --

---

[1] See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). See also, the application notes to U.S.S.G. § 1B1.10(a) (Supp. March 3, 2008) ("[T]he amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

except in some cases where a defendant previously received a reduction for substantial assistance under either Rule 35 or U.S.S.G. 5K1.1.

Since Harris was sentenced to the statutory minimum, and did not receive a reduction for substantial assistance, he is not entitled to a reduction under the Guideline Amendment.[2]

To the extent that Harris is requesting relief under the Fair Sentencing Act ("FSA"), the motion is denied. Since neither Harris's conduct nor sentencing occurred after the FSA was enacted on August 3, 2010, the FSA does not apply to his case.[3]

Therefore, Harris's motion to reduce sentence [Doc. No. 46] is denied.

IT IS SO ORDERED this 9th day of December 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See the United States Sentencing Commission's "Reader-Friendly" Version of the Final 2011 Guideline Amendment Implementing the Fair Sentencing Act, *available at* http://www.ussc.gov/Meetings_and_Rulemaking/Materials_on_Federal_Cocaine_Offenses/20110428_RF_Amendments_Pages.pdf

[3] There is a split of authority on whether the FSA applies only to defendants whose conduct occurred after the FSA was adopted (*United States v. Sidney*, No. 11-1216, 2011 WL 3477200 (8th Cir. Aug. 10, 2011)) or whether it applies to all defendants who were sentenced after the FSA was enacted, regardless of when the conduct occurred (See *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011); *United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011); *United States v. Dixon*, No 10-4300, 2011 WL 3449494 (3d Cir. Aug. 9, 2011)). However, since Defendant falls into neither category, the split of authority is of no consequence here.